# EXHIBIT 2

Settlement Agreement
Executed by
Charles Lafferty, Jr.

# EXHIBIT 2

## SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE

THIS SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE (hereinafter referred to as the "Agreement") is made and entered into by and among the STATE OF NEVADA, ex. rel. NEVADA DEPARTMENT OF CORRECTIONS (NDOC), on behalf of itself and all of its officers, directors, employees, former employees, agents, predecessors, divisions, correctional facilities, including but not limited to Ely State Prison (ESP) its successors, administrators, and assigns, including, but not limited to Defendants, named or referenced in the Complaint, who are or were NDOC employees (collectively referred to as "the NDOC"), and Plaintiff, Charles Lafferty Jr., Offender No. 1082009. Plaintiff and Defendants may collectively be referred to herein as the "Parties" and each may be referred to individually as a "Party."

### I. RECITALS

A.   Defendants are or were NDOC employees, or attorneys employed by the Office of the Attorney General;

B.   Charles Lafferty, Jr., Offender No. 1082009, is an inmate incarcerated within the NDOC system;

C.   This Agreement addresses and resolves certain disputes arising from and relating to alleged constitutional violations as described in LAFFERTY' Civil Rights Complaint ("the Complaint"), styled as follows:

**LAFFERTY v. WILLIAMS, et al.**
**Case No. 3:16-cv-00279-RCJ-CSD**
**United States District Court, District of Nevada**

These disputes are in regard to the allegations of United States' Constitutional violations, State of Nevada's Constitutional violations, and several federal and state statute violations by Defendants, made in the Complaint;

---

D.    In reviewing the claims of the Complaint, the NDOC and all individually-named Defendants deny that the NDOC and its employees engaged in any culpable conduct. The NDOC's legal position was at all times, and remains, that LAFFERTY' rights were not violated; and,

E.    Without making any admission of liability on either part, and with there being no prevailing party in this case, the NDOC and LAFFERTY have reached a settlement ("Settlement") of their disputes and these litigations. This written Agreement memorializes the Settlement terms reached by and between the NDOC and LAFFERTY.

F.    The Parties desire to release and settle any claims or counterclaims, known or unknown, which were or could have been asserted in the lawsuit as well as any other existing or potential claims between them. This settlement was reached during a telephonic Conference.

## II.    SCOPE OF AGREEMENT

A.    To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

B.    The scope of this Agreement covers ALL events of the disputes herein described, all persons described, and those events or occurrences complained of in the Complaint in the above-listed action, the Court's Screening Order, and all subsequent pleadings filed under the instant docket number;

C.    The scope of this Agreement also covers all claims, known or unknown as of the date of this Settlement Agreement, regardless of the nature of those claims, and any disputes, causes of actions, and controversies arising from or relating to the above-listed actions, which includes any claims arising from the United States Constitution, the Nevada Constitution, federal and state statutory and administrative law, the Nevada Revised Statutes, and/or common law;

Settlement Agreement In the Matter of

**Lafferty Case No. 3:16-cv-00279-RCJ-CSD**

Page 3 of 7

_____

D. Thus, LAFFERTY forgoes any legal claims relating to the above-listed actions, as against all named Defendants and potential Defendants, as they would relate to the allegations in the Complaint.

### III. AGREEMENT

In exchange for LAFFERTY'S release of the pending legal claims in the above-listed action against the NDOC and all named Defendants, the NDOC and LAFFERTY hereby agree to settle the claims, disputes, and controversies, known or unknown, arising from and relating to the disputes in the above-listed action, pursuant to the following terms:

A. NDOC agrees to pay the amount of Four Hundred Dollars, ($400.00) into LAFFERTY'S trust II account. LAFFERTY may then use the funds to purchase various, allowable, items for his personal use. These items include, but are not limited to a boom box, sheets, towels, cds or a watch.

B. LAFFERTY agrees to stipulate to dismiss, with prejudice, United States District Court ("USDC") Case No. 3:16-cv-00279-RCJ-CSD (the above-listed action), which hereby completely releases and forever discharges the NDOC and its past, present, or future officers, directors, attorneys, employees, divisions, predecessors, and successors in interest, administrators and assigns and all other persons, with whom any of the former have been, are now or may hereafter be affiliated, of and from any and all liability, known or unknown, relating to the disputes in the above-listed action.

### IV. WAIVER OF FEES

The NDOC and LAFFERTY shall each bear their own attorneys' fees arising from the litigation, if any.

Settlement Agreement In the Matter of

**Lafferty Case No. 3:16-cv-00279-RCJ-CSD**

Page 4 of 7

---

### V. COMPROMISE, NO LIABILITY, AND ENFORCEMENT

This Agreement is a complete compromise of matters involving disputed issues of law and facts relating to the allegations asserted in LAFFERTY'S Case No. 3:16-cv-00279-RCJ-CSD and all related Complaints. Consideration given by the Defendants in exchange for consideration of dismissal of LAFFERTY' claims against Defendants asserted in the Complaint is not to be construed and shall never at any time for any purpose be considered an admission of liability on the part of any party. The Parties' sole remedy to enforce or interpret this Agreement, or to otherwise resolve any disputes that may arise from this Agreement, shall lie in an action for breach of contract commenced in a Nevada State District Court applying Nevada law, in the venue where the inmate resided at the time the agreement is executed, seeking specific performance, costs and attorneys' fees, and expressly **not** money damages. Both parties understand that this provision acts as a forum selection clause, and Nevada rules of contract will apply to the enforcement action. Where state law is to be applied, this Agreement, or the relevant portions thereof, shall be construed, interpreted, and enforced in accordance with the laws, rules of procedure, and/or common law of the State of Nevada.

### VI. WAIVER

This is a release applying to all known, unknown, anticipated, and unanticipated damages arising out of the aforesaid claims above identified in this Agreement.

### VII. BINDING EFFECT UPON SUCCESSORS IN INTEREST

This Agreement shall be binding upon and accrue to the benefit of the NDOC and LAFFERTY and their respective successors and assigns.

### VIII. REPRESENTATION OF COMPREHENSION OF DOCUMENT

LAFFERTY warrants and represents that LAFFERTY had the right to be fully advised of his rights by legal counsel. LAFFERTY warrants and represents he has not been influenced in

Settlement Agreement In the Matter of

**Lafferty Case No. 3:16-cv-00279-RCJ-CSD**

Page 5 of 7

---

making this Agreement by any representation or statement regarding any matters, made by any person, agent, employee or servant of NDOC, or any representatives of them, all of whom are hereby released LAFFERTY acknowledges this agreement is freely and voluntarily entered into and he is not under any type of duress.

### IX. CASE DISMISSAL

LAFFERTY agrees to execute a *Stipulation and Order to Dismiss* ("Stipulation for Dismissal"), dismissing the above-listed action, understanding that the same is required to be filed with the court. Thus, counsel for the NDOC will prepare and circulate the Stipulation for Dismissal to LAFFERTY for his review and signature along with this Agreement. LAFFERTY will sign and return to counsel for the NDOC (the Attorney General) both the signed Stipulation for Dismissal and the Settlement Agreement within two (2) weeks of receipt.

Upon receipt of the signed Stipulation for Dismissal and Agreement from LAFFERTY, counsel for the Defendants will forward same to an appropriate NDOC representative for countersignature. A complete copy will then be provided to LAFFERTY for his records.

### X. COMPLETENESS OF DOCUMENT

This Agreement contains the entire understanding between the parties with respect to the matters set forth herein, and there are no representations, warranties, agreements, arrangements, or undertakings, oral or written, between or among the parties hereto relating to the subject matter of this Agreement which are not fully expressed herein.

### XI. COUNTERPARTS

This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original.

Settlement Agreement In the Matter of

**Lafferty Case No. 3:16-cv-00279-RCJ-CSD**

Page 6 of 7

---

### XII. HOLD HARMLESS

LAFFERTY agrees to hold NDOC and its agents and employees harmless from any action, which may result from the implementation of this Agreement.

### XIII. MITIGATING FACTORS

This Agreement is based upon the unique circumstances and mitigating factors relating to this matter and shall not be considered in any legal or administrative proceeding involving any other person for any purpose whatsoever.

### XIV. MISCELLANEOUS

A. The terms of this Agreement are contractual and not mere recitals. The terms of this Agreement shall be binding on all parties and/or their authorized representative's, and the parties' and/or their authorized representatives' signatures hereto shall constitute acceptance of the terms herein.

B. This Agreement shall be construed and interpreted in accordance with the laws of the State of Nevada and shall be interpreted as if drafted by both parties.

### XV. SEVERABILITY

The NDOC and LAFFERTY agree that, in the event that any portion ("Offending Portion(s)") of this Agreement is declared by a court of competent jurisdiction to be invalid or unenforceable for any reason whatsoever, then those Offending Portions shall be severed from this Agreement, as if they were never incorporated into this Agreement. The NDOC and LAFFERTY further agree that if any Offending Portions are so severed from this Agreement, then the remainder of the Agreement shall, nevertheless, survive and remain fully intact, valid, and enforceable.

Settlement Agreement In the Matter of

**Lafferty.** **Case No. 3:16-cv-00279-RCJ-CSD**

Page 7 of **7**

## XVI. NOTICE AND CURE PROVISION

In the event that either party believes the other is in breach of this agreement, they agree to provide a notice describing the breach and providing thirty days to cure said breach prior to undertaking any enforcement action.

This is meant to provide a notice and cure provision to avoid liability for an inadvertent breach or in the event that the parties are unable to complete the terms of settlement within the agreed upon length of time despite exercising due diligence.

|  |  |
|---|---|
|  | **THE NEVADA DEPARTMENT OF CORRECTIONS** |
|  | By: |
| _____<br>**CHARLES LAFFERTY, JR.** #1082009<br>Plaintiff | _____<br>**WILLIAM GITTERE**<br>Deputy Director |
| DATED: 3-31-22 | DATED: _____ |